# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN E. MIDDLEBROOKS, | ) | Case No. 3:19-CV-02759 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| WARDEN HAROLD MAY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Shawn E. Middlebrooks objects to the Magistrate Judge's Report and Recommendation that the Court dismiss Petitioner's habeas petition. For the reasons that follow, the Court **OVERRULES** Petitioner's objections (ECF No. 37), **ADOPTS** the Magistrate Judge's Report and Recommendation, subject to certain clerical corrections (ECF No. 34), and **DENIES AND DISMISSES** the petition.

### STATEMENT OF FACTS

On direct appeal in State court, the intermediate appellate court set forth the following facts leading to the conviction and sentence of Petitioner Shawn Middlebrooks. *See generally State v. Middlebrooks*, No. 18-CR-46, 2019-Ohio-2149, ¶¶ 2–12 (Ohio Ct. App.).

On the morning of September 9, 2017, a Sandusky County Sheriff's deputy and several U.S. Marshals were conducting surveillance on a motel room, which was located in a well-known high-traffic area for drug activity. (*Id.*) One of the Marshals witnessed a male approach the motel room and engage in a hand-to-hand exchange

with a man later identified as Mr. Middlebrooks. (*Id.*) Under the impression that a drug exchange occurred, the U.S. Marshals and sheriff's deputy followed the male in his truck and initiated a stop. (*Id.*) When stopped, the driver admitted to tossing crack cocaine that he had just purchased into a weedy area, and he later identified the individual who sold him the drugs as Mr. Middlebrooks. (*Id.*) Law enforcement executed a search warrant for the motel room where they located a box underneath a window, accessible from both inside and outside the room, that contained heroin and a digital scale. (*Id.*) Further, law enforcement found four cell phones and seized $534 in cash from Mr. Middlebrooks's person. (*Id.*)

## PROCEDURAL HISTORY

### A. State Conviction

In the report and recommendation, the Magistrate Judge set forth the history of this case. (ECF No. 34, PageID #740–44.) On January 11, 2018, a grand jury indicted Petitioner on one count of possession of heroin and one count of trafficking in heroin. (ECF No. 8-1, PageID #54–56.) On May 6, 2018, Petitioner filed a motion to suppress all evidence obtained from the search of his motel room on the grounds that the affidavit in support of the search warrant was defective. (*Id.*, PageID #57–63.) After a hearing, the State trial court denied the motion. (*Id.*, PageID #69.)

On July 20, 2018, a jury found Petitioner guilty of possession of heroin and not guilty of trafficking in heroin. (*Id.*, PageID #70.) Before sentencing, Petitioner filed a motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure or for a new trial on the basis of insufficient evidence. (*Id.*, PageID #71–81.) The

State court denied that motion. (*Id.*, PageID #82.) On July 27, 2018, the State court sentenced Petitioner to eight years of imprisonment. (*Id.*, PageID #83–85.)

### B. Direct Appeal

On August 8, 2018, Petitioner timely appealed his conviction. (*Id.*, PageID #87–88.) In his brief, Petitioner asserted three assignments of error, including, as relevant here, that the verdicts were not supported by sufficient evidence and fell against the manifest weight of the evidence. (*Id.*, PageID #98.) On May 31, 2019, the State intermediate appellate court rejected all of Petitioner's assignments of error and affirmed the trial court's judgment. (*Id.*, PageID #146–61.) After the appellate court's ruling, Petitioner timely appealed to the Ohio Supreme Court. (*Id.*, PageID #163–64.) In his memorandum in support of jurisdiction, he asserted several propositions of law, including: (1) reliance on evidence of drug trafficking to support constructive possession is improper where the defendant was acquitted of trafficking; (2) the trial court's denial of his motion to suppress violated the Fourth Amendment; (3) the State magistrate failed to determine that the confidential informant referenced in the affidavit in support of the search warrant for Petitioner's hotel room was reliable; and (4) Petitioner had standing to challenge the unconstitutional stop of another individual. (*Id.*, PageID #167.) On October 1, 2019, the Ohio Supreme Court declined to exercise jurisdiction. (*Id.*, PageID #184.)

### C. Federal Habeas Petition

On November 22, 2019, Petitioner applied for a writ of habeas corpus. (ECF No. 1, PageID #1–15.) The petition asserts a single ground for relief. (*Id.*) In his petition, Petitioner asserts that his conviction violates his due process rights because

3

insufficient evidence supports his conviction for felony possession of heroin. (*Id.*) The Magistrate Judge issued a Report and Recommendation that the Court deny the petition because Petitioner's sole claim for relief lacks merit. (ECF No. 34, PageID #758.) The Magistrate Judge recommends that the Court find Petitioner did not meet the heavy burden of showing that no "rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (*Id.*, PageID #752 & #758.) On January 27, 2023, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 37.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2. When reviewing a report and recommendation, if a party timely objects, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Objections must be specific, not general and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal—that are at heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

4

On review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner raises.

## ANALYSIS

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams*, 529 U.S. at 405. Under Section 2254(d)(1), an unreasonable application of federal law is different than an incorrect application of federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410). A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways: (1) if the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams*, 529 U.S. at 407.

I.  **Factual and Procedural Objections**

First, Petitioner objects that the Magistrate Judge committed two clerical errors in her Report and Recommendation. (ECF No. 37, PageID #768). Specifically, he objects that in two places, the Magistrate Judge referred to him by an incorrect name. (*Id.*; *see also* ECF No. 34, PageID #745.) The Court clarifies for the record that in each place where Petitioner identifies errors in the Report and

6

Recommendation, it should say "Middlebrooks," and otherwise **OVERRULES** Petitioner's objection on this ground.

Second, Petitioner objects that the Magistrate failed to address his amended petition. (ECF No. 37, PageID #768–69.) On January 19, 2021, the Magistrate Judge previously assigned to this case granted in part Petitioner's motion to amend and allowed him to correct a clerical error in ground one of his petition, but not to add a second ground for habeas relief. (ECF No. 27, PageID #714.) Pursuant to this order, Petitioner never filed an amended petition. Further, ground one of Petitioner's proposed amended petition is substantively the same as his original petition. (ECF No. 25-1, PageID #682.) Therefore, the Magistrate Judge properly addressed Petitioner's single ground for relief, and the Court **OVERRULES** Petitioner's objection.

Third, Petitioner previously objected to an order dated January 19, 2021 denying his motion to strike Respondent's surreply. (ECF No. 29.) Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may determine any pretrial matter. A judge "may reconsider any pretrial matter" only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Here, Petitioner makes no such showing. Regulating the filings before the Court falls within the authority of the Magistrate Judge. The record shows no clear error in allowing a surreply. Even if Petitioner could make such a showing, he fails to articulate any prejudice. For these reasons, the Court **OVERRULES** this objection as well.

7

## II. Substantive Objection

Petitioner objects that the Magistrate Judge failed to address certain evidence and that the State appellate court's statement of facts is incorrect. (ECF No. 37, PageID #770–72.) He argues that the Magistrate Judge should have considered this evidence and determined that there was insufficient evidence to establish that he had constructive possession of the box containing heroin, which formed the basis for the charges against him. (ECF No. 37, PageID #773–89.) He argues that the testimony of a U.S. Marshal Task Force Officer at his State court trial was untrue because it incorrectly explained where he located the box containing the heroin—inside or outside the motel room. (*Id.*, PageID #771–72.) In support of this assertion, he points to arguments made in his traverse, and police reports and photos attached thereto. (*Id.*) For that reason, he argues, the Court must "compel the Magistrate Judge to address the corrected facts identified in the traverse," or issue the writ. (*Id.*, PageID #772.)

The specific paragraphs of the Report and Recommendation to which Petitioner objects quote the State court of appeals opinion. (ECF No. 34, PageID #741.) The Court notes that the Magistrate Judge's quotations are an accurate reflection of the State court's ruling and **OVERRULES** Petitioner's objection insofar as it challenges the inclusion of that quoted language in the report and recommendation. However, interpreting Petitioner's *pro se* pleading liberally, the Court interprets his objection as being to the portion of the report and recommendation that addresses the police reports and photos. (*Id.*, PageID #751.)

8

Contrary to Petitioner's assertion that the photographs he attached to his traverse were included in the record "by the Magistrate Judge's predecessor as submitted," the Magistrate Judge previously assigned to this case struck that material because it was not part of the record at trial. (ECF No. 27, PageID #712.) And Petitioner makes no claim that these reports and photos were unavailable to him at trial, no claim of actual innocence based on new evidence, and no argument for relief based on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), or another error of similar magnitude. Therefore, the Magistrate Judge did not err when she declined to address the police reports and photos in her analysis of Petitioner's claim. (ECF No. 34, PageID #755–58.) For these reasons, the Court **OVERRULES** Petitioner's objection to the Magistrate Judge's Report and Recommendation on this ground.

## III. General Objections

Petitioner's remaining objections argue that the Magistrate Judge erred when she recommended dismissing Petitioner's ground for relief and re-assert arguments made in his traverse concerning constructive possession. (ECF No. 37, PageID #774–89; ECF No. 20, Page ID #624–25.) Under 28 U.S.C. § 636(b)(1)(C), a party must specify the proposed findings or recommendations to which an objection is made. Petitioner does not identify any specific error in the Magistrate Judge's factual findings or legal conclusions; rather he reiterates arguments that he raised in his petition and traverse. A general objection to a magistrate judge's report and recommendation, which fails to specify the issues of contention, does not satisfy the requirements for filing objections. *Howard*, 932 F.2d at 509. In any event, the record

9

fails to establish any violation of Petitioner's rights that legally or factually meets the standard for the issuance of a writ.

Petitioner's remaining objections and their various subparts are general and objected to the overarching issue of sufficiency of the evidence that he constructively possessed the heroin at issue in his underlying criminal case. (ECF No. 37, PageID #773.) On review of the record, Petitioner appears to question the validity of his conviction for possession of heroin as inconsistent with his acquittal for trafficking in heroin. However, these charges contain different elements—an acquittal for trafficking does not preclude a conviction for possession. On the record presented, the jury could convict on possession (on a theory of constructive possession ) while acquitting on trafficking.

Because the Magistrate Judge adequately addressed these general issues in her Report and Recommendation based on the evidence presented at trial, this Court will not address them again here, except to note that the record legally and factually supports the judgment of the State courts. Accordingly, the Court **OVERRULES** Petitioner's general objections.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 37; ECF No. 29), **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 34), including the recommendation that Petitioner's current warden Keith Foley be substituted as Respondent in place of former warden Lyneal Wainwright under Rule 25(d) (*id.*, PageID #739, n.1; ECF No. 38), and

**DENIES AND DISMISSES** the petition.  Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

Dated:  June 15, 2023

                              J. Philip Calabrese
                              United States District Judge
                              Northern District of Ohio